IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARRETT INVESTMENTS, LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL ACTION NO. 12-0500-KD-N |
| | ) |
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
|    Defendant. | ) |

**ORDER**

This action was removed from the Circuit Court of Baldwin County, Alabama on basis of diversity jurisdiction. The action is now before the Court on the motion to remand filed by plaintiff Garrett Investments, LLC, the response in opposition filed by SE Property Holdings, LLC, and Garrett's reply (docs. 9, 9-1, 12, 13).  Upon consideration, and for the reasons set forth herein, the motion to remand is DENIED. [1]

I. Background

In October 2009, Garrett obtained a loan in the principle amount of approximately $1.3 million from Vision Bank, SEPH's predecessor.  The loan was secured by a mortgage on approximately 24.30 acres of real property in Baldwin County, Alabama.  Garrett's two members, John and Lauren Foley, personally guaranteed the loan.  Vision Bank sued Garrett and its guarantors alleging that Garrett was in default and the personal guarantors were liable on their guarantees.  At that time, Garrett valued the real property at approximately $1.9 million.  While the litigation was pending, SEPH and Vision Bank merged.  (Docs. 1-1, 9-1, 12)

---

[1] The court must determine whether it has jurisdiction prior to addressing any motion to dismiss.

According to Garrett, during the litigation SEPH learned that Garrett was negotiating to sell part of the property and if the sale was closed, Garrett could pay its obligation to SEPH. However, Garrett did not provide SEPH with a signed finalized purchase agreement before the deadline for dispositive motions.  SEPH moved for summary judgment, and final judgment was entered against Garrett.  SEPH foreclosed on the property and obtained a judgment against Garrett and the Foleys on the multipurpose note and security agreement and the guaranty agreements. (Doc. 12).

In the pending complaint, Garrett brings an action against SEPH to set aside the foreclosure sale and for breach of fiduciary duty, unjust enrichment, constructive trust, and fraudulent suppression.  Garrett alleges that during the foreclosure process SEPH "withheld from its appraiser the fact that Garrett had a [sales] contract" for approximately $1.5 million on a 13.93 acre parcel of the property and withheld an earlier appraisal obtained by Vision Bank wherein the entire 24.30 acre parcel appraised for $1.9 million, in order to obtain the lower appraised value of $225,000, and thus purchase the property at much less than its actual value. Garrett also alleges that because SEPH "did not inform its [new] appraiser of Garrett's purchase contract on the Property", the appraiser "did not consider the purchase contract" in making the appraisal.  (Doc. 1-1, p. 7)

In the notice of removal, SEPH alleges that it is an Ohio limited liability company and that it has one member – Park National Corporation -- which is an Ohio corporation with its principal place of business in Newark, Ohio; that its predecessor in interest, Vision Bank was a Florida corporation with its principal place of business in Panama City, Florida; and that Garrett is an Alabama limited liability company with two members, Lauren and John Foley, who are citizens of Baldwin County, Alabama.  SEPH also alleges that the amount in controversy exceeds the jurisdictional amount of $75,000. 28 U.S.C. § 1332.

Garrett does not dispute the allegations of citizenship or amount in controversy. In the motion to remand Garrett argues that this action should be remanded for lack of subject matter jurisdiction or alternatively, the Court should abstain (doc. 9, 9-1).

II. Standard of review

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted). Therefore, "removal statutes should be construed narrowly, with doubts resolved against removal." *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) *cert. denied*, 540 U.S. 877, 124 S.Ct. 277 (2003); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court").

The removing defendant SEPH must bear "the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted); *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994) ("It is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]") (internal citations omitted); *Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir.2008) (a "removing defendant bears the burden of proving proper federal jurisdiction") (internal quotes omitted). Where jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332 (see doc. 1, notice of removal), SEPH, as the removing party and the party invoking this Court's jurisdiction, bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F. 3d 1254, 1257 (11th Cir. 2002).

III. Diversity jurisdiction

The Court must first determine whether SEPH has met its burden to establish diversity jurisdiction. In that regard "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." *Id*. SEPH alleges that Garrett is a citizen of Alabama, the state in which all of its members (John and Lauren Foley) are citizens. Garrett does not dispute the allegation of citizenship. Thus, SEPH has sufficiently raised the allegation in its notice of removal. SEPH also alleges that it is an Ohio limited liability company and that its sole member, Park National Corporation, is an Ohio corporation with its principal place of business in Ohio. SEPH also alleges that its predecessor Vision Bank was a Florida corporation with its principle place of business in Panama City, Florida. 28 U.S.C. § 1332(c)(1) (addressing citizenship of corporations). Garrett does not dispute either allegation. Thus, the requisite diversity of citizenship has been established.

As to the amount in controversy, SEPH alleges that it is apparent from Garrett's complaint that the amount in controversy is met (doc. 1, p. 4, notice of removal). Garrett did not demand a specific amount of damages as to its claims for unjust enrichment, breach of fiduciary duty, or fraudulent suppression. However, Garrett does allege that the real property at issue was "worth in excess of $2,700,000.00" at the time of foreclosure (doc. 1-1, complaint). SEPH also alleges that the purchase price bid at foreclosure, $225,000, exceeds the amount in controversy. Since it is facially apparent from the complaint that the amount in controversy exceeds $75,000, SEPH has met its burden. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010); *Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir.1993) ("In a suit over title to land, 'it is the value of the property rather than the claim of the contending parties which fixes the amount in controversy for purposes of jurisdiction'. . .") (*quoting Peterson v. Sucro*, 93 F. 2d 878, 882 (4th Cir. 1938)).

"[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  In Alabama, the courts apply the traditional conflict-of-law principles of *lex loci contractus* and *lex loci delicti*. *Lifestar Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200, 213 (Ala. 2009).   Thus, contract claims are governed by the laws of the state where the contract was made, unless the contracting parties chose a particular state's laws to govern their agreement, *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991).   To the extent that any contract between Garrett and SEPH is at issue, the laws of the State of Alabama apply (see doc. 19-1, p. 20, mortgage and security agreement provision stating that it is "governed by the laws of the jurisdiction in which the lender is located" which was Baldwin County, Alabama)

Because the foreclosure was held in Baldwin County, Alabama, Garrett's tort claims and claims for equitable relief are governed by Alabama law. *Fitts v. Minn. Mining & Mfg. Co.*, 581 So. 2d 819 (Ala. 1991) (the substantive rights of tort claimants are determined according to the laws of the state where their alleged injuries occurred).

IV. <u>Analysis</u>

On motion to remand, Garrett first argues that pursuant to the "local action doctrine", the only court with subject matter jurisdiction is the Circuit Court of Baldwin County, Alabama because it is the court in the county where the real property is located.  Garrett argues that the fact that the land lies "within this Court's territorial district is of no consequence" because only the Circuit Court of Baldwin County, Alabama has subject matter jurisdiction.

SEPH responds that the "local action doctrine" is not jurisdictional but instead is a venue provision that was repealed by the Jurisdiction and Venue Clarification Act.  28 U.S.C. § 1391 (effective January 6, 2012).[2]  SEPH argues that the doctrine does not create a question of state

---

[2] The Act now provides that "proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature." 28 U.S.C. § 1391(a)(2).

5

court jurisdiction versus federal court jurisdiction but concerns only the authority of a state or federal court to determine an issue involving real property located in another state. SEPH also points out that Baldwin County is within this Court's territorial jurisdiction and therefore diversity jurisdiction and venue are proper in this court.

Garrett's construction of the "local action doctrine" is not well-taken. Garrett failed to provide the Court with any case law to support its position that the only court with subject matter jurisdiction is the Circuit Court in Baldwin County, Alabama, or that this Court does not have subject matter jurisdiction over an action based upon the foreclosure sale of real property located within its territorial district where the elements of diversity jurisdiction have been met.[3] In support Garrett cites *Ex parte AU Hotel, Ltd.,* 677 So. 2d 1160 (Ala. 1996), for the premise that the local action doctrine requires litigation of local actions in the county where the land is located. In *Ex parte AU Hotel, Ltd.,* the Alabama Supreme Court cited Ala. Code § 6-3-2 which addresses venue for action against individuals. The statutes states that "[i]n proceedings of a legal nature against individuals . . . [a]ll actions for the recovery of land, of the possession

---

[3] Garrett cites two Florida cases which are inapplicable since this Court must apply the substantive law of the State of Alabama. However, Florida's local action rule has been interpreted to mean that the court with "geographical jurisdiction over the county where the land lies has such *in rem* jurisdiction." *Publix Super Markets, Inc. v. Cheesbro Roofing Inc.*, 502 So. 2d 484 (Fla. App. 5 Dist. 1987) (addressing an in *rem* action to enforce a mechanic's lien). Garrett also cited *Chichester v. Cook*, 2012 WL 439251 (M.D. Fla. Feb. 10, 2012) for the premise that "[g]enerally, a court lacks subject matter jurisdiction to determine the title to land located outside its geographical jurisdiction". That is true. However, Baldwin County lies <u>within</u> this Court's geographical jurisdiction. Garrett also cited *Beepot v. J.P. Morgan Chase Nat'l Corporate Services, Inc.*, 2011 WL 4529604, *8 n.13 (M.D. Fla. 2011). Garrett argues that the district court in *Beepo*t "required" that the foreclosure action be brought in the county where the land was situated. That is not exactly what the district court did. The foreclosure action was pending in the state court. The district court applied *Colorado River* abstention analysis, found that the state court action was a parallel proceeding and that the issues were inextricably intertwined, and then stayed the federal court action pending resolution of the state court action. The district court found that "the fact that the State Court Foreclosure Proceeding concerns Florida real estate weighs most heavily in favor of abstention here" and, in a footnote, cited the State of Florida's "local action rule" which characterizes a foreclosure as "*quasi in rem*" and "required to be brought in the county where the land is situated." *Id*. at n. 13. In this action, the state court foreclosure proceeding has concluded as well as the state court litigation against Garrett and the guarantors on its mortgage and note.

thereof or for a trespass thereto must be commenced in the county where the land or a material part thereof lies." Ala. Code § 6-3-2(a)(1). The statute also states that "in proceedings of an equitable nature against individuals … [a]ll actions where real estate is the subject matter of the action . . . must be commenced in the county where the same or a material portion thereof is situated." Ala. Code. § 6-3-2(b)(1). However, this state venue statute does not override this court's diversity jurisdiction.

Garrett also cites to the treatise *Federal Practice and Procedure* for the premise that a "local action can be brought only where the property involved in the action is located." Wright, Miller & Cooper, 14D *Federal Practice and Procedure* § 3822 (3d ed. 2012). A full reading of § 3882 indicates that a local action regarding real property may be brought in the district, *i.e.*, federal district, where the land is located, without limitation to the county or other political subdivision of a state. The treatise explains that "[q]uite commonly the forum state law will fix the venue of local actions in a particular county or other political subdivision. In those cases, it is enough that a federal action be brought in the judicial district – and formerly, in the division within a district divided by federal statute into division – that contains the county or political subdivision of the state." *Id.*

Second, Garrett argues that this Court should decline exercise of its jurisdiction based on the abstention principles developed in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Garrett argues that the State of Alabama has a strong interest in regulating real estate appraisers and protecting the public and to that end, established the Alabama Real Estate Appraisers Board and enacted certain statutes and administrative regulations. Garrett argues that resolving this action will require interpretation and application of these statutes and regulations because "this case involves the legal question of whether or not [SEPH's] appraiser was required by Alabama law to consider the purchase contract regarding the Foley Property when performing the appraisal on which [SEPH] allegedly relied when it purchased the property at the foreclosure sale." (Doc. 9-1, p. 9). Garrett argues that federal review of the issues in this case would disrupt or interfere with

7

the State of Alabama's regulatory efforts regarding appraisers, and therefore, this Court should abstain and remand this action and allow the Alabama state court to interpret and apply the statutes and administrative regulations.

The *Burford* abstention doctrine provides that "[w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case then at bar', or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Boyes v. Shell Oil Products Co.,* 199 F. 3d 1260, 1265 (11th Cir. 2000) (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491, U.S. 350, 361, 109 S. Ct. 2506, 2514 (1989)(quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814, 96 S. Ct. 1236, 1245 (1976)). Overall, "*Burford* abstention represents an 'extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Siegel v. LePore*, 234 F. 3d at 1163, 1173 (11th Cir. 2000) (*quoting County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188, 79 S.Ct. 1060, 1063 (1959)).

Upon review of theses principles, the Court finds that the *Burford* abstention doctrine does not apply. Resolution of the claims and causes of action in Garrett's complaint does not require interference with any proceeding or order of the Alabama Real Estate Appraisers Board or any state administrative agency with regulatory control over appraisers. *Siegel*, 234 F. 3d at 1173 (explaining that the purpose of *Burford* abstention is to "protect complex state administrative processes from undue federal interference") (citation omitted); *Lee Memorial Health System v. Ranieri*, 2012 WL 1565366 (M.D. Fla. May 2, 2012) (finding that *Burford* abstention did not apply because no complex state administrative process was implicated); c*f. Benefield v. City of Albertville, Ala.*, 2013 WL 28051 (N.D. Ala. Jan. 2, 2013) (applying *Burford*

8

abstention principle where plaintiff challenged city policy regarding restitution on basis that it violated state statutes regarding restitution).

Moreover, Garrett's claims against SEPH - an action to set aside the foreclosure sale, breach of fiduciary duty, unjust enrichment, constructive trust, and fraudulent suppression – are based upon Garrett's allegation that SEPH had a duty to disclose the sales agreement to its appraiser and breached that duty when it withheld the appraisal. In other words, the claims are based upon SEPH's conduct and not upon any violation of or challenge to the statutes or administrative regulations governing appraisers that would justify abstention and remand. *See Rindley v. Gallagher*, 929 F. 2d 1552, 1557 (11th Cir. 1991) (reversing the district court's decision to abstain and dismiss an action where plaintiff challenged the implementation of a regulatory statute governing dentists, and as to *Burford* abstention, finding that "[n]o overriding state interests or special competence or threat to administrative integrity is implicated by Rindley's requested invalidation or modification of section 445.225(4) that warrants denying him access to federal court."); *Siegel,* 234 F.3d at 1173 ("The case before us does not threaten to undermine all or a substantial part of Florida's process of conducting elections and resolving election disputes. Rather, Plaintiffs' claims in this case target certain discrete practices set forth in a particular state statute. Further, *Burford* is implicated when federal interference would disrupt a state's effort, through its administrative agencies, to achieve uniformity and consistency in addressing a problem.")

IV. Conclusion

The removing defendant SEPH has met its burden to show that this Court has diversity jurisdiction over the claims and causes of actions raised in Garrett's complaint. Accordingly, Garrett's motion to remand is DENIED.

**DONE** and **ORDERED** this the 18th day of March, 2013.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

9