# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARRETT INVESTMENTS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 12-0500-KD-N** |
| | ) | |
| **SE PROPERTY HOLDINGS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on the motion for leave to amend pleadings and add parties and proposed counterclaims filed by defendant SE Property Holdings, LLC (SEPH), Garrett Investments, LLC's (Garrett) opposition, and SEPH's reply (docs. 19, 26, 27); and Garrett's motion to dismiss without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, SEPH's opposition, and Garrett's reply (docs. 30, 32, 35, 38).[1]

Upon consideration and for reasons set forth herein, it is ORDERED that SEPH's motion to amend pleadings and add parties is GRANTED and the Clerk is directed to docket SEPH's counterclaim (doc. 19-1) contemporaneously with this order; and it is FURTHER ORDERED that Garrett's motion to dismiss without prejudice is GRANTED.[2]

I. Background

Garrett brought this action to set aside the foreclosure sale and for breach of fiduciary duty, unjust enrichment, constructive trust, and fraudulent suppression. SEPH removed the action to this Court and after removal Garrett filed a motion to remand.  SEPH filed a motion for leave to amend its answer to bring a compulsory counterclaim against Garrett and to add John B.

---

[1] SEPH's motion for leave to file a response (doc. 31) is **GRANTED.**

[2] Garrett filed a motion to amend the complaint to add the appraiser hired by SEPH as a defendant (doc. 20). The motion is MOOT due to the dismissal of Garrett's action against SEPH.

Foley, IV and Lauren M. Foley as counterclaim defendants in order to assert a claim for costs, expenses and attorneys' fees incurred in this action.  SEPH's claim is based upon the contractual fee-shifting provision in the mortgage and the Foleys' obligations in the continuing guaranty agreements.  Garrett filed the motion to dismiss without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

II. Analysis

A.  SEPH's motion for leave to amend pleadings and add parties

The Federal Rules state, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2).  Since Garrett opposes SEPH's motion, the Court must determine whether justice requires granting leave to amend the answer.

Generally, in the absence of any reason to deny the motion, such as undue prejudice to the non-movant, undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies on the part of the movant, or futility, leave to amend should be freely given when justice so requires.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1100 (11th Cir.1996). Therefore, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim.App.*, 256 F.3d 1266, 1274 (11th Cir. 2001); *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir.2006) (citation omitted) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial.")

Garrett argues that allowing the counterclaim would be futile. Garrett argues that when SEPH exercised its right to foreclose and purchased the property at foreclosure, its rights, remedies, and security interest were exercised, and therefore SEPH has no security interest to enforce or protect. Garrett also argues that if SEPH has no right to recover against Garrett, then it has no right to recover against the Foleys.  In reply, SEPH argues that Garrett has not met its

burden to show that the counterclaim would be futile.  SEPH argues that under Alabama law, its claims for attorney's fees, costs and expenses incurred for defending this action comes within the scope of the contractual fee-shifting provision in the mortgage.

In that regard, deciding whether a motion for leave to amend an answer to assert a counterclaim is futile requires the same analysis as deciding whether a motion to amend a complaint is futile.  *See Bartronics, Inc. v. Power-One, Inc.,* 245 F.R.D. 532, 535 (S.D. Ala. 2007) (citation omitted) (denying in part, as futile, defendant's motion for leave to amend answer and counterclaim to "add two new conclusory claims for relief").  Generally, a "district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." *Christman v. Walsh*, 416 Fed.Appx. 841, 844 (11th Cir. 2011) (citation omitted).  Thus, SEPH's counterclaim "must be dismissed if it fails to state a claim upon which relief could be granted." *Id*. citing Fed.R.Civ.P. 12(b)(6).  To decide whether the counterclaim "states a claim for relief, the reviewing court must 'accept[ ] the factual allegations in the complaint as true and construe [] them in the light most favorable to the plaintiff.'" *Id*. (citation omitted).  Thus, the counterclaim must "'state a claim for relief that is plausible on its face.'" *Id*. quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. quoting *Ashcroft v. Iqba*l, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  However, the counterclaim "need not include detailed factual allegations, but it must set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964–1965.

Upon review of the proposed counterclaim, the court finds that SEPH has plead factual content from which this court may reasonably infer that SEPH has sufficiently plead a viable

cause of action against Garrett and the Foleys.  *See Hunt v. NationsCredit Financial Services Corp.,* 902 So. 2d 75, 82-83 (Ala. Civ. App. 2004) (addressing an action for wrongful foreclosure and affirming "the trial court's award, . . . of attorney fees . . . to NationsCredit because [it] proved its entitlement to the fees based on the terms of the promissory note that Hunt signed" and that "[i]n the note, Hunt promised to pay 'all costs of collection or securing or attempting to collect or secure this note, including a reasonable attorney's fee.'") (citing *Taylor v. Jones*, 290 Ala. 268, 276 So.2d 130, 133 (1973) for the premise that a "mortgagee is entitled to attorney fees for defending an action challenging the terms of a promissory note or a mortgage.").  Therefore, SEPH's motion for leave to amend is GRANTED.

      B.  <u>Garrett's motion to dismiss without prejudice</u>

      Garrett moves to dismiss without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  The Rule provides for voluntary dismissal by the plaintiff as follows:

> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

      This Court has broad discretion to decide whether to permit a voluntary dismissal. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir.2001). Prejudice to the defendant is the foremost consideration and generally, where a defendant shows clear legal prejudice, the motion should be denied. *Id.*  However, the Court should "'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate'" in reaching that decision. *Id.* (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir.1986)).

      Garrett argues that SEPH would not be prejudiced by the dismissal because the case is in

the early stages of discovery. Garrett also argues that the entire action should be dismissed without prejudice and without any conditions and that there is no counterclaim pending.  Garrett points out that it intends to exercise its right of redemption, sell the property to an interested purchaser for a price much closer to its true value, and use the procedures to pay the judgments.

SEPH responds that this action is not in the early stages of discovery but instead discovery concludes in May 2013.  SEPH specifically sought discovery of documents supporting Garrett's allegation that SEPH intentionally withheld Garrett's sales contract for sale of part of the real property from SEPH's appraiser. Garrett asked for additional time to respond, provided an insufficient response, and then on the eve of the deadline to provide a sufficient response and produce documents to support its allegation, Garrett filed this voluntary motion to dismiss without prejudice.  SEPH argues that dismissal without prejudice would likely result in Garrett re-filing the action since it has demonstrated an intent to avoid the federal forum. SEPH argues that dismissal should be with prejudice since SEPH has spent a significant amount of time and expense defending this action and if Garrett re-files SEPH would have to repeat its discovery and incur duplicate expenses and costs.  SEPH also argues that Garrett has demonstrated a willful failure to prosecute and willful failure to cooperate in discovery in part because Garrett failed to attend its deposition, and that dismissal with prejudice for failure to prosecute is appropriate.

The Court agrees that this action is not in the early stages of discovery and that SEPH has expended significant time and expense defending this action. The Court acknowledges that Garrett wants to return to the state court forum.  However, the possibility that Garrett may re-file the action or gain some advantage by filing in another venue or forum does not constitute clear legal prejudice. *Pontenberg,* 252 F. 3d at 1255 (citing *McCants,* 781 F. 2d at 857).

Overall, the equities weigh in favor of a dismissal without prejudice.  Although SEPH favors dismissal with prejudice, it suggested as an alternative, dismissal without prejudice with the condition that Garrett must pay all attorney's fees, costs and expenses incurred by SEPH in

defending this action before Garrett may re-file an action against SEPH arising from these same transactions and occurrences.  SEPH's opportunity to seek attorneys' fees, costs and expenses is protected by its remaining counterclaim against Garrett and the Foleys and it will not be prejudiced by the dismissal of Garrett's action.

IV. Conclusion

Upon consideration and for reasons set forth herein, it is ORDERED that SEPH's motion to amend pleadings and add parties is GRANTED and the Clerk is directed to docket SEPH's counterclaim (doc. 19-1) contemporaneously with this order; and it is FURTHER ORDERED that Garrett's motion to dismiss without prejudice is GRANTED.

Done and ordered this the 21st day of March, 2013.


s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE